UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEVONTE TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:25-cv-01082-MMM |
| | ) |
| MATHEW PROCTOR, *et al.* | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff, proceeding pro se, alleges Defendants violated his constitutional rights during his pretrial detention at the McLean County Detention Facility in Bloomington Illinois.

Plaintiff's Motion for Leave to Amend (Doc. 15) is granted. The Court will now review the Amended Complaint (Doc. 15-1) for merit.

A. <u>Merit Review Order</u>

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names nine Defendants holding a variety of roles at the Detention Facility. Plaintiff alleges generally that from December 1, 2024, to present, he has suffered a variety of issues.

One group of issues appears to relate to sexually inappropriate letters between Plaintiff and a staff member at the Detention Facility.

Another group of issues appears to relate to Plaintiff's mental health treatment. He is receiving psychotropic medications but alleges he is not being properly monitored. Many of his allegations in this area are contradictory given the muddled timeline from, apparently, a time he was not on medication though a time he was prescribed medication. He also appears to complain about being placed in a restraint chair, but contradictorily alleges that he needed to be put in such a chair because he was trying to kill himself.

Another group of issues relate to the conditions of Plaintiff's detention, including putrid smells, 24 hour lighting, and constant loud noises.

Another group of allegations relate to an incident during which Plaintiff tried to hang himself and he asserts he was "maced for it."

A separate group of allegations alludes to First Amendment retaliation, asserting retaliation for filing a lawsuit and grievances.

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Federal Rules of Civil

Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules ... is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

    Here, the Court finds that Plaintiff's allegations are too vague and devoid of sufficient context and detail to place any Defendant on notice of any specific claim against him or her related to a specific time. Plaintiff's Complaint will be dismissed with leave to amend.

    If Plaintiff elects to file an Amended Complaint, Plaintiff must clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Regarding failure to protect from self harm Plaintiff must allege specifics as to how each Defendant knew Plaintiff was at danger from a known specific threat of self-harm.

B. <u>Severance of Claims</u>

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ….'" *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Finally, even claims that are properly joined may be severed in an exercise of the Court's discretion, where doing so would be in the interests of justice and would promote the efficient and effective resolution of all claims.

The complaint is dismissed with leave to replead as stated above. Plaintiff must comply with the joinder rules. If Plaintiff includes unrelated claims against multiple parties, this entire suit may be dismissed without prejudice and Plaintiff will need to start over in new suits. None of Plaintiff's claims, as of this writing, are barred by the statute of limitations as he alleges the complained of conduct occurred beginning December 1, 2024, so the two-year statute of limitations is not close to running at this time.

C. <u>Motion to Request Counsel</u>

Plaintiff's Motion to Request Counsel (Doc. 16) is before the Court. Plaintiff has not shown that he made a reasonable attempt to find a lawyer, or was prevented from doing so, before seeking Court assistance. Plaintiff must do so. This is normally accomplished by contacting several civil rights attorneys regarding the specific allegations <u>in this specific case</u> and requesting representation <u>in this lawsuit</u> as to those specific allegations, then providing the Court with copies of such letters sent, as well as any responses received, in support of any future request for Court assistance in finding a volunteer lawyer. Plaintiff indicates it is difficult for him to make copies while in detention. However he has proven quite capable of writing many letters and motions to the Court, so the Court believes he is able to do the same in search of legal help before the Court further assess his request for Court help in finding a free lawyer.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion for Leave to Amend [15] is GRANTED and the clerk is to docket the amended complaint.**

2. **Plaintiff's Motion to Request Counsel [16] is DENIED.**

3. **Plaintiff's various Motions for Status, to Dismiss, and to Withdraw Motion to Dismiss [13], [14], [17], [18], [19], [20], [21], and [22] are MOOT.**

4. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff's Amended Complaint is DISMISSED without prejudice for failure to state a claim.**

5. **The Court will allow Plaintiff the opportunity to file an Amended Complaint, within 21 days of this Order. Failure to file an Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

Entered this 10th day of October, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE